STATE OF DELAWARE v. WILLIAM MULRINE, III

*(May* 3, 1962.)

CHRISTIE, J., sitting.

*Clement C. Wood,* Chief Deputy Attorney General, for the State.

*Joseph T. Walsh* and *Murray M. Schwartz* for the defendant.

Superior Court for New Castle County, No. 161, Cr. A., 1962.

CHRISTIE, J.:

On December 28, 1961, defendant, William Mulrine, III, was arrested on a charge of first degree murder involving the death of his wife. He has been held without bail since the arrest.

On January 26, 1962 counsel for defendant wrote to the Attorney General as follows:

"The Defendant, through his attorneys, is opposed to submitting to any mental examination or psychiatric evaluation by the State. Defendant has not been able to find anything in the Delaware Code which would condone or support the State in the ordering of a mental examination as a routine matter in cases of this type. If the State should feel it has the right to such an examination notwithstanding the opposition of Defendant, Defendant requests that both Mr. Walsh and myself be notified immediately of the State's position. We can then meet with you in order to expedite bringing this matter before the Court."

Defendant was indicted by the Grand Jury on February 5, 1962, but it was later discovered that the indictment might be defective due to a technical defect in the composition of the Grand Jury. On March 5, 1962, defendant was reindicted and on that day defendant's attorneys demanded a prompt trial. On March 7, 1962, the State filed a motion in this Court seeking an order that defendant submit to a mental examination by the State Psychiatrist.

The defendant has been examined since his arrest by a local psychiatrist of his own choosing. There is nothing else now in the record to suggest the existence of mental illness on defendant's part.

Defendant objects to the examination on the ground that the application is untimely. The motion was filed only two days after a valid indictment was returned. I find this contention to be without merit.

■ Defendant also argues that the consideration of the motion deprives defendant of his right to a speedy trial and of due process of law. The consideration of the motion for a mental examination may delay the trial a few weeks since the matter had to be briefed. This is not an unreasonable delay and does not render the motion unworthy of consideration or constitute a violation of due process.

Defendant maintains that a mental examination, if required by Court order, would be in violation of his rights of freedom of speech and of due process and his privilege against self-incrimination.

There is no provision in the Delaware statutes or in our criminal rules requiring an accused to submit to a mental examination and there are no cases imposing such requirement. The custom of conducting a mental examination of one accused of first degree murder has grown up without challenge as a matter of administrative routine.

The defense of mental illness is always an important potential defense. Defendant has not seen fit to designate whether or not such defense will be raised here. It would be very helpful to the Court in passing upon the present motion if it knew whether mental illness was to be a defense. However, the Court will not require defendant to make a declaration on this matter at this stage in the proceedings. If such defense is raised, it would be absurd to permit a psychiatrist to testify on defendant's behalf while depriving the State of a chance to have a professional examination of the defendant.

The Delaware statutes on mental illness in criminal cases are limited in scope to provisions as to who shall determine whether mental illness exists and what consequences flow from such determination.

■ In general it is provided that the defense of mental illness is to be passed upon by a jury. 11 *Delaware Code* § 4702. The burden of proof on the defense of mental illness is

upon the defendant. *Longoria v. State*, Del., 168 A. 2d 695 (1961). In capital cases where it appears that defendant became mentally ill after conviction and before sentencing a Commission may be appointed to investigate the matter. 11 *Delaware Code* § 4703. Mental illness occurring after confinement is investigated by physicians appointed by the Court. 11 *Delaware Code* § 4704.

There is no provision as to what steps the State may take to prepare for the defense of mental illness. The absence of specific provision for mental examinations must not be construed as a bar to them. Rather the common law would be applicable.

Defendant concedes that at common law the Court could in its discretion inquire into the mental state of an accused and could call upon professional assistance, but defendant points out that this was usually done only after the Court had some reason to question the mental health of the accused. *Youtsey v. United States*, 97 F. 937 (6th Cir., 1899).

By statute it is the jury's responsibility to pass upon the defense of mental illness. If the circumstances would justify an examination by a psychiatrist at the request of a Judge at common law, such examination would not be improper under Delaware statute in preparation for a trial of the issue by a jury. Here defendant is accused of shooting his own wife and was afterwards examined by a psychiatrist of his own choosing. Under the circumstances an examination by a Court appointed psychiatrist would not be an abuse of judicial discretion since the circumstances themselves raise some question about defendant's mental health.

It obviously was not the intent of the statute that the jury would have to determine the issue of sanity with less help from experts than would be available to a judge. In a jury trial the parties must anticipate the issues in order to avoid undue delay at trial.

█ Defendant's Constitutional rights may be protected by limiting the scope of the examination and the use to be made of the findings. See *State v. Myers*, 220 S. C. 309, 67 S. E. 2d 506, 32 A. L. R. 2d 430 (1951).

In states where statutes provide for pretrial psychiatric examinations certain safeguards have been set up including safeguards to protect defendant's privilege against self-incrimination. See cases decided under such statutes collected in 32 A. L. R. 2d 434. I shall confer with counsel in this case and endeavor to set up appropriate safeguards.

An examination by the State Psychiatrist will be permitted in order to assist the Court and jury to pass upon any defense of mental illness that may be raised but not to assist the State in the prosecution of the case-in-chief. If the State seeks a psychiatric examination to assist it on issues other than the defense of mental illness, the State must make a further showing and defendant will be given an opportunity to be heard thereon.

The Court will consider limitations such as the following:

1. The examination will be limited in scope to those inquiries which would assist the psychiatrist to testify as to whether defendant was mentally ill at the time of the alleged crime and as to whether he is now mentally ill. No attempt will be made to get admissions from defendant or to determine his guilt or innocence. No drugs or shock treatment will be used.

2. A psychiatrist named by defendant may be present during the examination. If such psychiatrist feels that some portion of the examination is unfair or contrary to the order of this Court, a ruling from the Court will be obtained thereon before that portion of the examination goes forward.

3. The results of the examination will not be revealed to the Attorney General or to any other person until the

defense of mental illness is raised unless the Court orders otherwise.

Nothing herein contained is meant to pass upon whether or not the Court has the power to require defendant to actively participate in a psychiatric examination. See *State v. Smith*, 8 Terry 334, 91 A. 2d 188 (1952). The State does not maintain that this Court has any such power, and this Court has had no occasion to address itself to that problem.

Counsel will confer with the Court to discuss appropriate limitations on an examination.